41 C.C.P.A. (Patents)

**Application of FREDERIKSEN et al.**
**Patent Appeal No. 6047.**

United States Court of Customs and Patent Appeals.

May 27, 1954.

Rehearing Denied June 18, 1954.

Theodore L. Thomas, Washington, D. C., for appellants.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE and JACKSON (retired), Judges.

JOHNSON, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in finally rejecting claim 6 of appellants' application, Serial No. 91,226, for a patent on "Improvements in Method of Producing Penicillin." Claim 7, the only remaining claim in the application, was allowed by the examiner.

The appealed claim reads as follows:

"6. An improvement in the production of penicillin by submerged culture which comprises providing a culture medium containing nutrient material and associating with said culture medium a *Penicillium* mold of the *notatum chrysogenum* group and an effective amount of the diethylamino ethanol ester of phenaceturic acid." (Italics as in record.)

The application relates to the method of producing penicillin. It is said that penicillin is produced by inoculating a proper culture medium with a penicillium mold of the notatum chrysogenum group.

The improvement is said to be in the use of the diethylamino ethanol ester of phenaceturic acid and that the presence of that material in the culture medium promotes the formation of G-penicillin.

The appealed claim was rejected by the examiner as being indefinite and not properly defining the asserted invention by reason of the failure to define the amount of material used and by reason of the indefiniteness of the expression "an effective amount."

The examiner was of the opinion that the statement in the claim "an effective amount" is on its face indefinite since it fails to state the function which is to be rendered effective and the examiner stat-

**548**

ed that it has been the uniform practice in the art of the use of precursors in cultivating penicillium molds to define the amount of precursor used. To support his position the examiner cited a large number of patents which is said to include substantially all of the patented art on the use of precursors for cultivating penicillium mold. Included in the cited patents is the following:

Behrens 2,440,356 Apr. 27, 1948

In affirming the action of the examiner, the board did not find it necessary to list or consider all of the patents mentioned by the examiner but thought it sufficient to consider the Behrens patent, supra, as typical of the cited patents. However, since the claim was not rejected on the reference we shall not discuss it or make further reference to it.

Appellants contend that the appealed claim is directed to a process of producing penicillin; that it calls for the addition of the diethylamino ethanol ester of phenaceturic acid to a culture medium in which penicillin is being produced; that it is well known that the addition of compounds like the one recited in the claim aids in the production of the particular penicillin required; that such compounds are known in the art as precursors and that their invention is therefore nothing more nor less than the discovery of a new precursor in the production of penicillin.

The briefs of both the appellants and the solicitor seem to agree that the sole issue before us is whether or not the term "an effective amount" characterizing the particular ester used satisfies the statutory requirement that the claim particularly and distinctly points out the invention.

Appellants contend that it is pointed out in the application, as filed, that the precursor here involved "increases yields in whatever desired amount it is introduced into the culture medium." However, the application does not so state. The specification says "the whole of the desired amount of the esters may be added to the nutrient at once," but it does not state what the "desired amount" is. The specific example in the specification states "When adding about 900 grams of the ester of phenaceturic acid with diethylamino ethanol before autoclavating and inoculating, one obtains by fermenting in the same manner more than 900 units penicillin per ml., of which about 90 per cent is G-penicillin. By using phenaceturic acid in an equivalent amount only 6—700 units would be obtained. The amount of ester added may be raised without involving detrimental action on the micro-organism." There is no suggestion as to the results to be obtained if lesser amounts of the ester were used. In fact there is no suggestion that amounts less than that specified in the above mentioned example are desirable or even operable.

We agree with the examiner and the board that the statement "an effective amount" is on its face indefinite since it fails to state the function which is to be rendered effective. Therefore, the claim does not particularly point out the invention. In re Ayers, 154 F.2d 182, 33 C.C.P.A., Patents, 874.

We think the solicitor in his brief very appropriately states (reference to appellants' brief omitted):

" * * * though appellants urge that the invention is not the addition of a certain amount of a certain compound in the production of penicillin, and that the amount has nothing to do with the invention, the fact is, as pointed out above, that the amount of the particular compound used does have something to do with the invention, and that, since the specification fails to disclose the metes and bounds of the operative proportions either generally or specifically, that deficiency is not supplied or corrected by the contention that those skilled in the art would know what the maximum or optimum amounts would be. Only by extensive experimentation could those skilled in the art determine what the limiting amount or lower limit would be. Under these circum-

stances, the claim which defines the amount functionally, is indefinite and unallowable. Standard Brands, Inc., v. National Grain Yeast Corp., 308 U.S. 34 [60 S.Ct. 27, 84 L.Ed. 17]; Allen v. Coe, 77 [U.S.] App.D. C. 324, 135 F.2d 11; Hall Lab[oratories] v. Economics Lab[oratory, 8 Cir.,] 169 F.2d 65; In re Jolly, 36 C.C.P.A., [Patents], 825, 172 F.2d 566. [80 USPQ 504.]"

We have carefully considered all of the contentions made by appellants, but do not deem it necessary to further discuss them. For the reasons hereinbefore stated the decision of the board is affirmed.

Affirmed.

JACKSON, Judge (retired), sat for GARRETT, Chief Judge.